IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**ILLINOIS EXTENSION PIPELINE**
**COMPANY, LLC (formerly known as**
**Enbridge Pipelines (Illinois) LLC**,

**Plaintiff,**

v.                                                                          No. 14-1003-DRH

**DANIEL SUMMANN and**
**RUTH E. SUMMANN,**

**Defendants.**

## MEMORANDUM and ORDER

**HERNDON, District Judge:**

Now before the Court is defendants' motion to dismiss (Doc. 11). Defendants move to dismiss plaintiff's complaint with prejudice.[1] The gist of defendants' motion is that there is no actual controversy between plaintiff and defendants because plaintiff does not have a valid certificate in good standing to construct the pipeline it proposes to construct across defendants' property. Obviously, plaintiffs oppose the motion (Doc. 14). Based on the following, the Court finds that dismissal with prejudice is not warranted and denies defendants' motion.

---

1 The Court notes that defendants do not cite any authority for which they seek dismissal with prejudice of plaintiff's case.

Page **1** of **5**

On September 19, 2014, plaintiff, Illinois Extension Pipeline Company, LLC ("IEPC") (formerly known as Enbridge Pipelines (Illinois) LLC), filed a complaint for declaratory judgment and injunction against Daniel Summann and Ruth E. Summann (Doc. 2). Plaintiff seeks a declaratory judgment that a certain pipeline right-of-way easement it owns across defendants' land is valid and enforceable. Plaintiff also seeks injunctive relief to prevent defendants' further interference with its easement rights.[2]

The right-of-way, its associated easements, and the pipeline it presently contains were created in 1939 through a series of right-a-way grants made by landowners along the pipeline route. It is commonly referred to as the Luxor Line. This matter centers around a right-of-way easement running across tracts of land (Tracts 12-133 and 12-134) owned by defendants in Fayette County, Illinois. Daniel owns 12-133 and Ruth owns 12-134. IEPC is the successor to the grantee under both grants for the tracts at issue and defendants are the successors to the grantors. IEPC is constructing a new, multimillion dollar pipeline within the right-of-way for the transportation of crude oil in interstate commerce. IEPC

---

2 As the attorneys for the parties are aware, the Court is very familiar with the Luxor Line and the issues in this case as the Court previously decided similar cases with these same attorneys. *See Enbridge Pipelines (Illinois) LLC v. Burris*, 08-cv-0697-DRH; *Enbridge Pipelines (Illinois) LLC v. Portz*, 08-cv-0841-DRH; and *Enbrdige Pipelines (Illinois) LLC v. Hortenstine*, 08-cv-0842-DRH. In 2010, the undersigned entered declaratory judgments in these consolidated cases holding that the 1939 right-of-way grants "are valid and enforceable according to their terms...." (08-cv-0697-DRH; Docs. 63 & 64). In 2011, the Seventh Circuit Court of Appeals affirmed the judgments. *Enbridge Pipelines (Illinois) LLC v. Moore*, 633 F.3d 602 (7th Cir. 2011). The *Moore* case also contained a group of consolidated cases that were before District Judge Baker of the Central District of Illinois. Judge Baker also entered declaratory judgments finding that all of the 1939 Luxor Line right-of-way grants were valid and enforceable.

maintains that the project depends upon its exercise of the rights conveyed to the grantee and its successors by the 1939 right-of-way grants.

On October 10, 2014, defendants filed a motion to dismiss arguing that there is no case or controversy, thus plaintiff's complaint should be dismissed with prejudice (Doc. 11). Specifically, defendants assert that while plaintiff does have a certificate of good standing for the construction of a 36-inch liquid petroleum pipeline it does not have a certificate of good standing for the construction of a 24-inch pipeline, which plaintiff is proposing to construct across their property. Defendants acknowledge that plaintiff has petitioned to amend its certificate of good standing before the Illinois Commerce Commission ("ICC") to include the 24-inch pipeline and that the ICC has yet to rule.

Plaintiff opposes the motion maintaining that this case against defendants is not limited to a declaration that IEPC is entitled to build a second pipeline. In fact, plaintiff maintains that its complaint is much broader in that it seeks relief vindicating the entirety of its easement rights. A review of the pleadings indicates that plaintiff is correct and that defendants' argument lacks merit.

Here, the complaint seeks a declaration regarding all of IEPC's rights under the grants, including but not limited to the installation and maintenance of a second pipeline. As alleged, the grants give IEPC the rights to maintain the existing 1939 pipeline that runs across defendants' land, to lay a second pipeline across that land and the rights of ingress and egress. In addition to the seeking a declaration that the Luxor Line easement is valid and enforceable and that IEPC

possesses all the rights set forth therein, plaintiff seeks relief in the form of an injunction from Daniel Summann's ejection of IEPC's surveyors from its easement per his lawyer's advice. In particular, the complaint states:

> "Despite losing all legal challenges to the 1939 Luxor Line easement grants, including of the entry above-described injunction against his clients, Pliura has told IEPC that the numerous prior court rulings against him and his clients will not deter him. Instead, he has advised IEPC to expect more of the same, including the prospect of litigating all over again on a tract-by-tract basis the validity of the 1939 easements that have already been upheld by the Central and Southern Districts of Illinois and the Seventh Circuit. On August 14, 2014, pursuant to the 1939 Luxor Line easements across tracts 12-133 and 12-134, surveyors employed by IEPC arrived at those tracts and began locating and staking the Luxor Line right-of-way, including the existing 1939 pipeline. In accordance with the above threat, defendant Summann arrived on the scene and ordered the surveyors off of the Luxor Line right-of-way, stating that his lawyer (Pliura) had advised him to remove the surveyors from the property because, according to the lawyer, the surveyors had no right to be there. Summann also ordered the surveyors to remove all the stakes they had already placed."

(Doc. 2, ¶ 14).

Clearly, the allegations in the complaint show that there is definite concrete dispute between the parties. Specifically, the alleged misconduct in prohibiting IEPC from exercising its easement rights constitutes a real and substantial controversy between the parties. *See Knight v. Enbridge Pipelines (FSP) L.L.C.*, 759 F.3d 675, 677 (7th Cir. 2014)("The existence of competing claims to real estate means that the controversy is real."). Further, the Court finds that defendants' argument regarding the diameter change of the pipe from 36-inch to 24-inch is immaterial to the allegations contained in the complaint.

Accordingly, the Court **DENIES** defendants' motion to dismiss (Doc. 11).

**IT IS SO ORDERED.**

Signed this 17th day of December, 2014.

Digitally signed by
David R. Herndon
Date: 2014.12.17
15:47:39 -06'00'

**United States District Court**